J-A17001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SALLAH ABDULLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SELINA, INC.,  BUDO BUNUL, AND | : | No. 1724 EDA 2023 |
| MOHAMED ELEBEH | : | |

Appeal from the Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  211001723

BEFORE:  BOWES, J., NICHOLS, J., and SULLIVAN, J.

JUDGMENT ORDER BY BOWES, J.:                **FILED JULY 16, 2024**

Sallah Abdulla appeals from the May 31, 2023 order denying, in part, his "Emergency Motion for Injunction" requesting the disqualification of Kenneth Chotiner, Esquire, as counsel of record for Appellee Budo Bunul in a civil dispute concerning the short-term rental of a residential property.[1] Appellant contended that Attorney Chotiner had a conflict of interest pursuant to Pennsylvania Rule of Professional Conduct 1.18, because Appellant had preliminary discussions about this case with a principal of Abramson & Denenberg P.C. approximately four months before Attorney Chotiner joined that firm.  In denying the motion, the trial court determined that the firm had

---

[1] Appellees Selina, Inc. and Mohamed Elebeh, whom Attorney Chotiner does not represent, filed in this Court notice that they had no interest in the outcome of this appeal.

established sufficient screening safeguards to protect Appellant's interest as a former prospective client.

This timely interlocutory appeal ensued,[2] and on February 9, 2024, we granted Attorney Chotiner's application to withdraw as counsel for Mr. Bunul, wherein counsel asserted "Mr. Bunul has failed and refused to retain the undersigned for services to be provided in the lower court and in this appeal." Application for Leave to Withdraw as Counsel, 10/9/23, at 3  Thus, insofar as Attorney Chotiner no longer represents Mr. Bunul in this civil litigation, the appeal is moot.[3]

Appeal dismissed as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024

---

[2] The denial of a motion to disqualify a law firm based on a conflict of interest is immediately appealable.  **See**, **e.g.**, **Darrow v. PPL Elec. Utilities Corp.,** 266 A.3d 1105 (Pa.Super. 2021).

[3] Appellant concedes the appeal is moot, observing that Attorney Chotiner "filed an application to withdraw as counsel for Appellee Budo Bunul which *per se* renders this appeal concluded."  Appellant's brief at 1.